United States District Court
Eastern District of Michigan

Tarik Dehko, Sandra Thomas and
Dehko Foods, Inc.
d/b/a/  Schott's Supermarket; and
Mark Zaniewski d/b/a/ Metro
Marathon

        Plaintiffs,                        Case No. 13-cv-14085
                                            Hon. Terrence G. Berg

v.

Eric H. Holder Jr., in his official capacity
as Attorney General of the United States,
Daniel I. Werfel, in his official capacity
as Acting Internal Revenue Service
Commissioner; and Barbara L. McQuade,
in her official capacity as United States
Attorney for the Eastern District of Michigan,

        Defendants.

---

## Defendants' Motion to Dismiss the Amended Complaint

---

       Defendants respectfully move this Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for an order dismissing the amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Specifically, the amended complaint should be dismissed for the following reasons: (1) plaintiffs' claims against defendants are moot; (2) plaintiffs' claims against Attorney General Holder and U.S. Attorney McQuade are barred by

prosecutorial immunity; (3) the amended complaint fails to state a valid claim for an injunction; and (4) declaratory judgment is not appropriate in this case.

On January 3, 2014, the undersigned attorney contacted the plaintiffs' counsel explaining the nature of this motion and its legal basis, but did not obtain concurrence in the relief sought. The grounds for this motion are set forth with more specificity in the attached supporting brief.

<div style="margin-left: 40%;">

Respectfully submitted,

Barbara L. McQuade
United States Attorney

_s/Vanessa Miree Mays_
Assistant U.S. Attorney
Attorney for Defendant
211 West Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-9762
vanessa.mays@usdoj.gov
P34725

</div>

Dated: January 3, 2014

United States District Court
Eastern District of Michigan


Tarik Dehko, Sandra Thomas and
Dehko Foods, Inc.
d/b/a/ Schott's Supermarket

        Plaintiffs,                         Case No. 13-cv-14085
                                              Hon. Terrence G. Berg

v.

Eric H. Holder Jr., in his official capacity
as Attorney General of the United States,
Daniel I. Werfel, in his official capacity
as Acting Internal Revenue Service
Commissioner; and Barbara L. McQuade,
in her official capacity as United States
Attorney for the Eastern District of Michigan,

        Defendants.

---

## Brief in Support of Defendants'
## Motion to Dismiss the Amended Complaint

---

**<u>Issues Presented</u>**

1.  Whether the amended complaint is moot and should be
    dismissed?

2.  Whether the amended complaint against defendants
    Holder and McQuade is barred by prosecutorial
    immunity?

3.  Whether the amended complaint should be dismissed
    because it fails to state a valid claim for an injunction?

4.  Whether the amended complaint should be dismissed
    because a declaratory judgment is not appropriate in this
    case?

## **Table of Contents**

Table of Authorities ............................................................................. iv

Introduction .......................................................................................1

Background .........................................................................................2

The Dehkos ........................................................................................2

The Civil Forfeiture Actions ...............................................................5

Civil Action No. 13-14085 ..................................................................7

Motion to Dismiss Standard.................................................................8

Argument..............................................................................................9

    1.  The amended complaint should be dismissed because Plaintiffs' claims are moot. ...................................................................................9

    2.  The complaint against defendants Holder and McQuade is barred by Prosecutorial Immunity. .................................................................10

    3.  The amended complaint should be dismissed because this is not an appropriate case for injunctive relief............................................11

    4.  The amended complaint should be dismissed because this is not an appropriate case for a declaratory judgment. ...............................16

Conclusion ........................................................................................19

Certificate of Service ..........................................................................20

## Table of Authorities

### Cases:

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)

*Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002)

*Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290 (D.C. Cir. 2006)

*Citizens United v. FEC,* 530 F. Supp. 2d 274 (D.D.C. 2008)

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)

*Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165 (7th Cir. 1969)

*Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18*,
   471 F.2d 872 (6th Cir. 1972)

*Dunsenbery v. United States*, 534 U.S. 161 (2002)

*Ford v. Wilder*, 469 F.3d 500 (6th Cir. 2006)

*Golden v. Zwickler*, 394 U.S. 103 (1969)

*Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985)

*Hrivnak v. NCO Portfolio Management, Inc.,* 719 F.3d 564 (6th Cir. 2013)

*Lemon v. Kurtzman*, 411 U.S. 192 (1973)

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990)

*McPherson v. Michigan High School Athletic Association, Inc.*,
   119 F.3d 453 (6th Cir. 1997)

*Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266 (6th Cir. 1990)

*RMI Titanium Company v. Westinghouse Electric Corp.,*
    78 F.3d 1125 (6th Cir. 1996)

*United States v. City of Detroit*, 401 F.3d 448 (6th Cir. 2005)

*United States v. Contents of Accounts,* 629 F.3d 601 (6th Cir. 2011)


**Statutes:**

5 U.S.C. § 702

18 U.S.C. § 981(a)

18 U.S.C. § 983

28 U.S.C. § 1346(b)(1)

28 U.S.C. §§ 2201-02

31 U.S.C. § 5313(a)

31 U.S.C. § 5317

31 U.S.C. § 5324

**Other Authorities:**

Fed. R .Civ. P. 12 (b) (1)

Fed. R .Civ. P. 12 (b) (6)

## Introduction

Plaintiffs, Terik Dehko, Sandra Thomas, and Dehko Foods, Inc., (referred to collectively as "the Dehkos"), own and operate the Schott's Supermarket, a grocery store and money service business, in Fraser, Michigan.  Plaintiff Mark Zaniewski is the owner of Metro Marathon, an independent gas station in Sterling Heights, Michigan. The Dehkos and Zaniewski have filed a two-count amended complaint seeking declaratory judgment and injunctive relief.

Count I requests a declaratory judgment that Plaintiffs did not violate the Bank Secrecy Act as alleged in the following *in rem* civil forfeiture cases:[1]

> *United States v. Thirty Five Thousand Six Hundred and Fifty-One Dollars and Eleven Cents ($35,651.11)*, Case No. 4:13-cv-13118 ("Case I"), and

> *United States v. Thirty Three Thousand Two Hundred and Forty-Four Dollars and Eighty-Six Cents ($33,244.86),* Case No. 4:13-cv-2101 ("Case II").

Count II requests a declaratory judgment and injunctive relief prohibiting federal defendants from seizing or forfeiting property under the Bank Secrecy Act, 31 U.S.C. § 5324 without a "pre-seizure or prompt post-seizure evidentiary hearing."

---

[1] The Bank Secrecy Act requires the filing of a currency transaction report for transactions, either in or out of a bank account, of more than $10,000 in currency. It is illegal for any person "to structure…any transaction with one or more domestic financial institutions, for the purpose of evading the reporting requirements."  31 U.S.C. §§ 5313(a), 5324(a) (3).

The defendants respectfully move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## Background

### The Dehkos

Tarik Dehko and his daughter, Sandra Thomas, operate the Schott's Supermarket and are the joint signatories on the Dehko Foods' PNC business bank account.  (Dkt. 15: Amended Complaint, ¶ 33). The Dehkos "frequently deposited (or caused to be deposited) substantial amounts of cash in increments of less than $10,000 into Dehko Foods' PNC Bank account." (Dkt. 15: Amended Complaint, ¶ 34).

In 2010, agents from the Criminal Investigation Division of the Internal Revenue Service ("IRS-CI") warned Dehko that numerous bank deposits from his grocery store business appeared to be structured under $10,000 to avoid the government reporting requirement on cash transactions.  Agents discussed the banking laws with Dehko, and Dehko signed a Notification of Law stating his understanding that structuring constitutes a federal crime.  (Dkt. 15: Amended Complaint, ¶ 25; Def. Ex. 1).

 In 2012, IRS-CI received information about potential financial crimes conducted by employees or agents of Dehko Foods, Inc.  An investigation suggested that between January 30, 2012, and October 3, 2012, Dehko, Thomas, or

someone acting on their behalf sought to avoid government reporting requirements by structuring $798,420 in deposits into Dehko's PNC business bank account. It was suspected that Dehko was engaging in illegal activity because despite being warned about federal structuring laws, plaintiffs continued to deposit significant amounts of cash in amounts less than $10,000.

On January 22, 2013, pursuant to a judicially authorized warrant, IRS-CI seized $35,651.11, from the Dehko Foods' PNC business bank account. (Dkt. 1: Complaint, ¶ 24). On the same date, Tarik Dehko was interviewed by IRS-CI agents regarding his banking transactions. (Def. Ex. 2). During the interview, Dehko was asked why he made frequent cash deposits in amounts of $9,000 or $9,500, just under the $10,000 currency transaction reporting requirement. Dehko explained that he makes deposits every day and may like the number $9,000. (Def. Ex. 3). On April 22, 2013, Dehko filed an administrative claim and a hardship petition challenging the seizure of his property. (Def. Ex. 4). IRS-CI denied the petition, having found that the requirements of 18 U.S.C. § 983(f) were not met. (Def. Ex. 5). On May 10, 2013, the IRS referred the matter to the U.S. Attorney's Office for disposition. (Def. Ex. 6). Shortly thereafter, on July 19, 2013, the government initiated an *in rem* civil forfeiture action pursuant to 31 U.S.C. § 5317 and 18 U.S.C. § 981(a)(1)(A). *United States v. Thirty Five Thousand Six Hundred*

3

*and Fifty-One Dollars and Eleven Cents ($35,651.11)*, Case No. 4:13-cv-13118 ("Case I").

## Mark Zaniewski

Mark Zaniewski is the owner of the Metro Marathon, an independent gas station in Sterling Heights, Michigan.  Mr. Zaniewski frequently makes large cash deposits to the bank in increments less than $10,000. (Dkt.15: Amended Complaint¶¶ 57-58).

In 2012, Zaniewski was also made aware of reporting requirements by representatives of PNC Bank.  (Dkt. 15: Amended Complaint ¶ 59).

In June of 2012, Comerica Bank employees warned Zaniewski that transactions in his personal bank account appeared to have been structured. Comerica gave Zaniewski a brochure explaining the legal requirements regarding currency transaction reports.  In August of 2012, Comerica Bank closed Zaniewski's account after Comerica Bank found that he continued with structuring activities despite being warned about such conduct by Comerica. From August 2012 through December 2012, Zaniewski, or someone acting on his behalf, deposited $271,084.50 into his TCF business bank account.  None of the deposits were over the currency transaction reporting $10,000 threshold. (Case II, Dkt 1: Complaint, ¶¶ 11a-11e).  A criminal investigation revealed that TCF Bank employees had also previously warned Zaniewski that his banking activity

4

appeared to be structured to avoid the filing of currency transaction reports. (Case II, Dkt 1: Complaint, ¶¶ 11d).

On March 28, 2013, IRS-CI seized $33,244.86 in currency from Zaniewski's TCF business bank account pursuant to a criminal investigation and a federal seizure warrant. The investigation suggested that Zaniewski, or someone acting on his behalf, violated the Bank Secrecy Act by depositing cash in amounts less than $10,000 in order to avoid government reporting requirements. (Dkt. 15: Amended Complaint, ¶ 62). The IRS referred the matter to the U.S. Attorney's Office for disposition. On September 16, 2013, the government initiated an *in rem* civil forfeiture action pursuant to 31 U.S.C. § 5317 and 18 U.S.C. § 981(a)(1)(A). *United States v. Thirty Three Thousand Two Hundred and Forty-Four Dollars and Eighty-Six Cents ($33,244.86),* Case No. 4:13-cv-2101.

## The Civil Forfeiture Actions

The forfeiture complaint, summons, warrant of arrest, and notice *in rem* for each asset were served by United States mail, certified delivery, upon all potential claimants, including the Dehkos and Zaniewski. Each potential claimant was notified of the requirement to file a verified claim within 30 days of receipt of the forfeiture complaint if they had an interest in the property.

The Dehkos' documents were mailed to them at the Schott's Supermarket. (Case I, Dkt. 1: Civil Forfeiture Complaint; Dkt. 2: Summons, Warrant of Arrest,

and Notice *in Rem*; Dkt. 3: Certificate of Service).  Zaniewski's copies were mailed to him at the Metro Marathon Service Station. (Case II, Dkt. 1: Civil Forfeiture Complaint; Dkt. 2: Summons, Warrant of Arrest, and Notice *in Rem*; Dkt. 3: Certificate of Service).

During the forfeiture litigation, the Dekhos and Zaniewski, through their attorneys, asserted an ownership interest in the currency identified in the forfeiture complaints and filed motions for prompt post-seizure hearings regarding the currency that was seized from their business bank accounts.  The Dehkos' motion, which discussed due process in civil asset forfeiture proceedings and argued for a post-seizure pre-trial hearing, was filed on September 25, 2013.[2]  The Court held a motion hearing on October 23, 2013.  (Case I, Dkt. 29: Hearing Transcript).  Thereafter, on November 7, 2013, the Court notified the Dehkos that their motion for prompt hearing and return of property would be construed as a motion for summary judgment.  (Case I, Dkt. 34: Notice).  The Court also requested supplemental briefing concerning the timeliness of the forfeiture complaint.  *Id*.

Meanwhile, on November 14, 2013, Zaniewski filed a motion for prompt hearing and return of property.  Zaniewski's motion, which was pending before Judge Cleland, made the same due process arguments as the Dehkos.

---

[2] Case I, Dkt. 19: Claimants Motion for Prompt Post Seizure Hearing; Dkt. 23: Response to Motion; Dkt. 26: Reply to Response; Case II, Dkt. 12: Claimant's Motion for Prompt Post Seizure Hearing.

Based on a recently issued legal decision in a similar proceeding, the Government voluntarily sought dismissal of its complaints, to which the Dehkos and Zaniewski consented. In November 2013, the two forfeiture cases were dismissed with prejudice.[3]

## Civil Action No. 13-14085

On September 25, 2013, the Dehkos filed the present action seeking declaratory and injunctive relief.  Count I requested a declaratory judgment that the conduct alleged in the forfeiture complaint was lawful and did not violate the Bank Secrecy Act, 31 U.S.C. § 5324.  Count II requested declaratory judgment and injunctive relief prohibiting the federal defendants from seizing or forfeiting property under the Bank Secrecy Act, 31 U.S.C. § 5324 without a "pre-seizure or prompt post-seizure evidentiary hearing."  On December 2, 2013, the defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.  The Court scheduled a motion hearing for January 22, 2014. On December 10, 2013, the Dehkos filed an amended complaint adding more allegations and naming Mark Zaniewski as a party. In lieu of an answer, the defendants respectfully move to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[3] Case I, Dkt. 37: Order Granting the Unopposed Motion for voluntary dismissal; Case II, Dkt. 14: Order Granting the Unopposed Motion for voluntary dismissal

7

## Motion to Dismiss Standard

Plaintiff has the burden of proving jurisdiction.[4] *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).  When a 12 (b)(1) motion makes a factual challenge to jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *RMI Titanium Company v. Westinghouse Electric Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996).  The court may consider evidence outside the pleadings and may resolve factual disputes in assessing whether it has jurisdiction.

A motion to dismiss under Rule 12(b)(6) tests whether a cognizable claim has been pleaded in the complaint.  While a complaint attacked by Rule 12(b)(6) motions does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Courts are not bound to assume the truth of legal conclusions and factual allegations "must be enough to raise a right to relief above the speculative level." *Id.  See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[4]A motion to dismiss filed under 12 (b)(1) challenges the subject matter jurisdiction of the court. Because defendants have moved for dismissal based on both 12(b)(1) and 12(b)(6), the court is bound to consider the 12(b)(1) motion first, and then the 12(b)(6) challenge only if the court finds it has jurisdiction.  *Moir*, 895 F.2d at 269.

## **Argument**

1. The amended complaint should be dismissed because Plaintiffs' claims are moot.

As a preliminary matter, the Court should decide whether this case is moot. "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005). The mootness inquiry must be made at every stage of the case. *McPherson v. Michigan High School Athletic Association, Inc.*, 119 F. 3d 453, 458 (6th Cir. 1997). A party must have a continuing personal interest in the litigation to avoid dismissal on mootness grounds. "[I]t is not enough that a dispute was very much alive when suit was filed." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If after filing a complaint the claimant loses a personal stake in the action making it 'impossible for the court to grant any effectual relief whatever', the case must be dismissed as moot." *Hrivnak v. NCO Portfolio Management, Inc.,* 719 F.3d 564, 567 (6th Cir. 2013).

The Dehkos and Zaniewski have asked the Court to declare that the conduct alleged in the two forfeiture cases was lawful. There is no "live" controversy regarding the conduct of the Dehkos and Zaniewski because the two forfeiture complaints have been dismissed with prejudice. Likewise, the issue concerning the availability of prompt post-seizure hearings in civil forfeiture cases is also moot. Prior to the dismissal of the forfeiture complaints, the Dehkos and Zaniewski filed

9

motions for prompt post-seizure hearings.  Indeed, the Dehkos presented oral

arguments on this precise issue to the Court.[5]  The Court notified the Dehkos that it

would consider their motion for prompt post-seizure hearing as a motion for

summary judgment.  (Case I, Dkt. 34:  Notice).  Before the Court could rule on the

pending motions, the matter was voluntarily dismissed with prejudice.

"[A] case is moot when the issues presented are no longer 'live' or the

parties lack a legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d

500, 504 (6th Cir. 2006).  "The test for mootness is whether the relief sought

would, if granted, make a difference to the legal interests of the parties." *Id.*

*quoting McPherson*, 119 F.3d at 458.  The Dehkos and Zaniewski have failed to

establish that the issues in the present lawsuit amount to a "substantial controversy

between the parties."  The Court lacks jurisdiction at this stage of the litigation,

therefore, the case should be dismissed as moot.  Fed. R. Civ. P. 12(b)(1).[6]

> 2.  The complaint against defendants Holder and McQuade is barred by
>     Prosecutorial Immunity.

To the extent that the Dehkos and Zaniewski challenge the decision to

initiate the two *in rem* civil forfeiture cases referenced in the amended complaint,

such claims are subject to dismissal under the doctrine of absolute prosecutorial

---

[5]  Case I, Dkt. 19: Motion for Prompt Post Seizure Hearing and a Return of
Property; Case II, Dkt. 12: Motion for Prompt Post Seizure Hearing and a Return
of Property).
[6] Since there is no longer any controversy regarding the plaintiffs' underlying
conduct, plaintiffs' may also lack standing.

immunity.  "Absolute prosecutorial immunity applies where a prosecutor's activities are intimately associated with the judicial phase of the criminal process." *Blakely v. United States,* 276 F.3d 853, 871 (6th Cir. 2002).  It also extends to civil forfeiture proceedings.  *Id.*  As federal prosecutors, defendants Holder and McQuade are entitled to absolute immunity for their alleged actions initiating and litigating the civil forfeiture proceedings on behalf of the United States.  Plaintiffs' claims against Defendants Holder and McQuade should be dismissed for failure to state a claim upon which relief can be granted.

> 3.  The amended complaint should be dismissed because this is not an appropriate case for injunctive relief.

The amended complaint seeks to "[e]njoin the Defendant United States from seizing Plaintiffs' property-or the property of any others in the Eastern District of Michigan-for alleged violations of federal structuring law, 31 U.S.C. § 5324, without providing either a pre-seizure hearing or committing itself, as a condition of issuance of a forfeiture warrant, to providing a prompt post-seizure evidentiary hearing at which claimants may challenge the factual basis of the seizure."  (Dkt. 15: Amended Complaint, Request for Relief).

The district court has broad discretion in determining whether to exercise equity jurisdiction and grant permanent injunctive relief.  *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973).  Typically, the decision of whether to issue an injunction involves a balancing of the interest of the parties who might be affected by the

11

court's decision-the hardship on plaintiff if relief is denied, as compared to the hardship to defendant if an injunction is granted. "Injunctive relief is an 'extraordinary and drastic remedy, and it is the movant's obligation to justify, 'by a clear showing' the court's use of such a measure.'" *Citizens United v. FEC,* 530 F. Supp. 2d 274, 278 (D.D.C. 2008). Indeed, the court usually will refuse to exercise its equity jurisdiction unless the right to relief is clear. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 995, 997 (5th Cir. 1985).

The main prerequisite for obtaining injunctive relief is a finding that plaintiff is being threatened by some injury for which he has no adequate legal remedy. The most common method of demonstrating that there is no adequate legal remedy is by showing that plaintiff will suffer irreparable harm if the court does not intervene and prevent the impending injury. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18*, 471 F.2d 872 (6th Cir. 1972).

In keeping with the general reluctance of federal courts to exercise their equitable discretion and award injunction in the absence of a compelling need for that form of relief, a plaintiff must demonstrate that there is a real danger that the act complained of actually will take place. There must be more than a mere possibility or fear that the injury will occur. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983).

"[T]he injury must be both certain and great; it must be actual and not theoretical. The moving party must show [the] injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). The Dehkos and Zaniewski cannot make that showing here.

The civil forfeiture proceedings gave the Dehkos and Zaniewski an adequate legal remedy to challenge the seizure and pending forfeiture of their property. The Dehkos and Zaniewski had a full opportunity to challenge the forfeiture of their property on constitutional and other grounds during the pendency of those proceedings.[7] Similarly, if there were to be future attempts by the Government to forfeit proceeds of structuring activities by the Dehkos, Zaniewski, or by other persons, the property owners would at that time have a full opportunity to

---

[7] The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), along with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), already contain numerous due process protections that anticipate and address constitutional concerns that would prompt a pre-trial hearing. For example, by enacting CAFRA, Congress addressed due process concerns that existed prior to CAFRA, such as protecting innocent owners from deprivation of their property through civil forfeiture proceedings. 18 U.S.C. § 983(d). Supplemental Rules G(8)(a) and (b) provide avenues by which claimants may file motions to suppress or motions to dismiss; Supplemental Rule G(5)(b) also requires claimants to file a motion under Fed. R. Civ. P. 12 (which include the basis of failure to state a claim) within 21 days of filing the claim. If Claimant wanted to test the legal sufficiency of the government's theory necessitating forfeiture, a Claimant can file a motion to dismiss the forfeiture complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Supplemental Rule G(5)(b).

challenge the seizure and forfeiture of their property in the context of the forfeiture proceedings themselves. *See* CAFRA.

The Dehkos and Zaniewski have not shown that they, or any other persons, lack an adequate legal remedy for an allegedly unconstitutional forfeiture of their property. They cannot show that there is a substantial likelihood that they will prevail on the constitutional claims underlying Counts I and II of the amended complaint.

Second, the Dehkos and Zaniewski have failed to show that they would suffer irreparable harm if their requests for injunctive relief were denied because there is little likelihood that their Fifth Amendment constitutional attacks would be successful in light of the comprehensive statutory and regulatory scheme, including the judicial review afforded under the forfeiture statute and regulations.

Even if this case were to survive a motion to dismiss and be decided based on the underlying facts, plaintiffs would almost certainly lose on the merits of their claims. Their request for an injunction is largely based on their assertions that their acts of structuring were innocent. Suffice it to say, plaintiffs' allegations of innocence would have been contradicted by creditable evidence.[8] Because the forfeiture cases were dismissed with prejudice, it serves no purpose to revisit the

---

[8] The assertions made by the Dehkos and Zaniewski are inconsistent with statements that they made to IRS-CI, warnings they received from several bank representatives and IRS-CI and evidence showing that certain banks elected to close their business accounts due to their structuring activity.

evidence that would have been presented to a jury if the case had not been dismissed.

Third, to the extent that plaintiffs seek to enjoin the defendants from forfeiting property based on their future acts of structuring, plaintiffs again fail to show that they will suffer irreparable harm.  In keeping with the general reluctance of federal courts to exercise their equitable discretion and award injunctions in the absence of a compelling need for that form of relief, plaintiffs must demonstrate that there is a real danger and the act complained of actually will take place.

Plaintiffs do not allege that they are currently structuring their bank deposits for the purpose of evading the government reporting requirements.  Thus, unless plaintiffs return to their structuring activities, there is only an imagined danger that their property would in the future be forfeited based on structuring activities.  .

Finally, the Sixth Circuit has recognized that "the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983 was enacted by Congress "to make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures." *United States v. Contents of Accounts*, 629 F.3d 601, 606-07 (6th Cir. 2011). The CAFRA "outlines the circumstances under which civil forfeiture claimants are entitled to immediate release of seized property and the procedure to be followed in obtaining such

15

relief." *Id.* The Court has held that CAFRA "provides a detailed and comprehensive mechanism for obtaining the release of seized property, but also strictly limits the situations in which such relief is available." *Id.* at 607. *Dunsenbery v. United States*, 534 U.S. 161 (2002).

The amended complaint does not establish that the Dehkos and Zaniewski likely will be subjected to forfeiture actions in the immediate future. Further, there is an adequate remedy available to plaintiffs in the event that there are future forfeiture actions. Plaintiffs' request for injunctive relief should be denied because plaintiffs have failed to show that they "will suffer irreparable harm absent an injunction, or that the public interest would be served by the issuance of an injunction." *Blakely*, *supra* at 874.

For all of the reasons previously discussed in this brief, plaintiffs' constitutional attacks are likely to fail under Fed. R. Civ. P. 12 (b)(6).

4.  The amended complaint should be dismissed because this is not an appropriate case for a declaratory judgment.

Plaintiffs' declaratory judgment claim does not fall within the purpose of the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. That Act is designed to 'avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969). "Before a court can grant relief under the Declaratory Judgment

Act, 28 U.S.C. § 2201, the court must determine 'whether the facts alleged under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy [and] reality to warrant the issuance of declaratory judgment." *Blakely*, 276 F. 3d at 870, *citing Golden v. Zwickler*, 394 U.S. 103, 108 (1969). Here, the civil forfeiture action has been dismissed (with plaintiffs' consent) and plaintiffs have failed to allege facts showing that they will be subjected to forfeiture of their assets in the immediate future. (Dkt. 37: Order Granting Unopposed Motion for Voluntary Dismissal). The complaint fails to allege sufficient facts to support a conclusion that an actual controversy exists. Therefore, declaratory relief is not appropriate.

This action is also not appropriate for declaratory relief because the same claims were previously litigated in the civil forfeiture action. Plaintiffs filed a counterclaim seeking money damages against the United States. Plaintiffs alleged that the district court had jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) and the Administrative Procedure Act ("APA"), 5 U.S.C. §702. The United States filed a motion to dismiss the counterclaims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. 10: Motion to Dismiss). The government argued that plaintiffs could not use the civil forfeiture case to file a counterclaim. It also urged the court to dismiss the counterclaim because the FTCA claim was barred by sovereign immunity, and the APA claim was barred

17

because "there was no final agency action and there exists another adequate remedy in a court." (Dkt. 10: Motion to Dismiss at Pg ID 54-56). Before the district court could resolve the dispute between the parties, plaintiffs filed an amended answer, omitted the counterclaim, and informed the court that they had decided not to pursue the counterclaim against the government as part of the civil forfeiture proceedings. (Dkt. 34: Notice). As part of the civil forfeiture case, plaintiffs also argued that they were entitled to a post-seizure hearing regarding the cash that was seized from their PNC business bank account. (Dkt. 30: Motion for Prompt Post-Seizure Hearing). On October 23, 2013, the court held oral argument on plaintiffs' requests for a post-seizure hearing. (Dkt. 29: Transcript of Hearing). At that time, plaintiffs presented arguments regarding due process, the statutory procedures available when cash is seized under 18 U.S.C. § 983(f), the request for a post-seizure hearing, and the constitutionality of the Civil Asset Forfeiture Act. (Def. Ex. 7, pp. 4-8, 38-45, 48-50). Under the doctrine of claim preclusion plaintiffs are barred from introducing claims that could have been litigated during the civil forfeiture case. *Blakely*, 276 F. 3d at 870. Plaintiffs' requests for declaratory relief should be dismissed.

## <u>Conclusion</u>

In light of the foregoing, defendants move the Court to dismiss with prejudice the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

Barbara L. McQuade
United States Attorney

*s/Vanessa Miree Mays*
Assistant U.S. Attorney
Attorney for Defendant
211 West Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-9762
P34725

Dated: January 3, 2014

19

**<u>Certificate of Service</u>**

I hereby certify that on January 3, 2014, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system, which will send

notification to all parties of record.

<div style="margin-left:40%">

<u>s/Vanessa Miree Mays</u>
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
(313) 226-9762
Email: vanessa.mays@usdoj.gov
P34725

</div>